IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENESSIA BEATY, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| OSP PREVENTION GROUP, INC. and WILLIAM E. MABRY, II, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Kenessia Beaty ("Plaintiff" or "Ms. Beaty"), by and through undersigned counsel, and files this Complaint against Defendant OSP Prevention Group, Inc. ("Defendant OSP") and Defendant William E. Mabry, II ("Defendant Mabry")(collectively, "Defendants"), showing the following:

## I.  NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* ("FLSA"), as well as other applicable state laws, for subjecting Plaintiff to wrongful and negligent sexual harassment and retaliation.

## II.   JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant OSP is a Georgia corporation and resides in this district. Defendant OSP does business in and is engaged in commerce in the State of Georgia.  Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.   PARTIES

5.

Plaintiff is a resident of the State of Georgia.

6.

During the relevant time period, Plaintiff was not paid for all hours worked, in violation of the FLSA.

7.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

8.

Plaintiff performed non-exempt labor for the Defendant OSP within the last three (3) years.

9.

Plaintiff is considered an "employee" of Defendant OSP, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

10.

Defendant OSP is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

11.

Defendant OSP is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

12.

At all times relevant to this action, Defendant OSP was an "employer" within the meaning of 29 U.S.C. § 203(d) and was not exempt from overtime provisions of FLSA.

13.

Defendant OSP may be served with process through its Registered Agent, Wadi Muhaisen, at 10 Glen Lake Parkway, Suite 130, Atlanta, GA.

14.

At all times relevant, Defendant Mabry was the CEO of Defendant OSP Prevention Group, Inc.

15.

Defendant Mabry may be served with process at 727 Planters Row, Lilburn, GA.

**IV.   FACTS**

16.

Defendant OSP hired Ms. Beaty as a Project Manager for the Legal Department on or about August 1, 2016.

17.

Despite Plaintiff's title, her role consisted of typical paralegal type responsibilities.

18.

Ms. Beaty's primary duties involved non-exempt work such as drafting and filing pleadings, preparing demand letters, record keeping, responding and requesting documents, and drafting documents for an attorney's later revision and review.

19.

When Defendant hired Ms. Beaty, she was told that her hours would be 8:00 a.m. to 5:00 p.m.; her hours were later adjusted to 7:30 a.m. to 4:30 p.m.

20.

Ms. Beaty was given projects and deadlines that necessitated working more than 40 hours a work week in order to complete, including working evenings and weekends.

21.

Ms. Beaty was required to work outside of her scheduled hours, as Defendant frequently called Ms. Beaty on the weekends and at night for work purposes and to check on her progress.

22.

Ms. Beaty was told that when you work for OSP, you are expected to give 110%.

23.

Defendant initially paid Ms. Beaty at $15 per hour for forty (40) hours per week, regardless of how many hours she actually worked.

24.

On or about December 1, 2016, Ms. Beaty was put on a salary of $40,000.

25.

Instead of giving Ms. Beaty the $42,000 salary that she was told she would be getting, Mr. Mabry promised to pay Ms. Beaty $400 in cash to make up the difference.

26.

Defendant made one $400 cash payment to Ms. Beaty, in December 2016.

27.

Ms. Beaty was paid this fixed salary, irrespective of the hours she worked in any given work week.

28.

While employed by Defendant OSP, Ms. Beaty regularly worked an amount of time that was more than 40 hours in a given workweek and was not paid the overtime wage differential for hours she worked over 40 in those workweeks.

29.

Defendant OSP knew or had reason to know that Ms. Beaty regularly worked in excess of 40 hours in workweeks without overtime compensation.

30.

Defendant OSP is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

31.

Defendant OSP failed to pay Ms. Beaty the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

32.

At all times relevant to this action, Defendant OSP was an "employer" within the meaning of 29 U.S.C. § 203(d) and was not exempt from overtime provisions of FLSA.

33.

At all times, relevant to this action, Defendant OSP was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because it had employees engaged in commerce because its annual gross sales volume exceeds $500,000.

34.

From the onset of her employment through the end of December 2016, Ms. Beaty worked nearly seven days per week.

35.

Ms. Beaty worked most weekdays from 8:30 a.m. until after 10:00 p.m. at night.

36.

From August through the end of December 2016, Ms. Beaty worked ten (10) hours over the weekends; from January through early March 2017, she continued to work five (5) hours every Sunday.

37.

In all instances in which Defendant OSP failed to pay Plaintiff for overtime hours she worked, Defendant had full knowledge that Plaintiff worked the hours she was not paid for.

38.

Defendant failed to keep track of the hours that its non-exempt employee, including Ms. Beaty, worked in any given work week.

39.

Defendant OSP is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207.

40.

In addition to permitting Plaintiff to work overtime without compensation, Defendant OSP also allowed its employees, including Defendant William E. Mabry, II, to subject Ms. Beaty to severe and pervasive sexual harassment while she was as employee.

41.

Defendant OSP was aware of its male employee's propensity to sexually harass its female employees, including Ms. Beaty.

42.

Defendant OSP was aware of Defendant Mabry's propensity to sexually harass female employees, including Ms. Beaty.

43.

Defendant Mabry is the CEO for Defendant OSP.

44.

In late December 2016, Defendant Mabry told Ms. Beaty that she was going to make him pinch her.  Defendant Mabry reached over and pinched Ms. Beaty's nipple.

45.

Ms. Beaty told Defendant Mabry not to do that; he continued talking like nothing had happened.

46.

In approximately January 2017, Defendant Mabry again said that Ms. Beaty was going to make him pinch her, and pinched her nipple.

47.

Once again Ms. Beaty told Defendant Mabry not to do that, and once again he carried on like nothing had happened.

48.

Defendant Mabry pinched Ms. Beaty's nipple a third time later in January 2017.  Ms. Beaty repeated her request for him not to touch her.

49.

In or about late February 2017, Defendant Mabry called Ms. Beaty into his office.

50.

Ms. Beaty was sitting down and Defendant Mabry was standing behind her when he reached around her, pinched her nipple, and wrapped his arms around her.

51.

Ms. Beaty told Defendant to stop, that he was in her space.

52.

Defendant Mabry responded to Ms. Beaty's statement by laughing and repeating, "your space, you said I'm in your space."

53.

Defendant Mabry then walked out of the office.  When he returned a few minutes later, he continued talking about work like nothing had happened.

54.

In March 2017, Defendant Mabry demanded that Ms. Beaty be loyal to him, and told her that if people in the office were talking about him, that she should tell him.

55.

When Ms. Beaty took time off for Spring Break, Defendant Mabry called to tell her that he was pissed she was taking vacation.

56.

In approximately mid-April , 2017, when Ms. Beaty returned from Spring Break, she reported the sexual harassment by Defendant Mabry to HR Manager Raquel Phillips.

57.

Defendant OSP did not have an HR until approximately February or March 2017.

58.

Ms. Phillips advised that Ms. Beaty look for another job before filing a complaint.

59.

Ms. Phillips indicated to Ms. Beaty that she was not the only employee that Defendant Mabry had touched inappropriately.

60.

Ms. Beaty was told by other employees that Defendant Mabry had sexually harassed others.

61.

Ms. Beaty attempted to go to Ms. Phillips two more times, but each time Ms. Beaty said something about the harassment, Ms. Phillips would say before you go any further, before you do anything, you may want to look for another job.

62.

The sexual harassment was severe or pervasive, altering the terms and conditions of Plaintiff's employment.

63.

Defendant OSP created a hostile work environment that Ms. Beaty was required to endure as a condition of her employment.

64.

Defendant OSP chose not to take reasonable steps to prevent sexual harassment from occurring, despite its knowledge of its employee's propensity for sexual harassment.

65.

Defendant OSP failed to take appropriate remedial actions to correct the sexual harassment.

66.

Despite Ms. Beaty's complaints, no investigation was conducted by the company.

67.

Despite Ms. Beaty's complaints, Defendant OSP did not attempt to rectify the situation.

68.

Although Defendant OSP purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

69.

Others outside of the Ms. Beaty's protected class were treated differently.

## IV.   CLAIMS

### COUNT ONE:  VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

70.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

71.

Defendant OSP has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked more than 40 hours in given workweeks and for forcing Plaintiff to work off the clock without compensation.

72.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked more than 40 hours in a workweek.

73.

Defendant OSP suffered and permitted Plaintiff to routinely work more than 40 hours per week without overtime compensation.

74.

Defendant OSP's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

75.

Defendant OSP knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

76.

Defendant OSP failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

77.

Plaintiff was subject to the same unlawful policies of Defendant OSP, i.e. Defendant's failure to pay Plaintiff for her hours worked over 40 in workweeks.

78.

Defendant OSP's violations of the FLSA were willful and in bad faith.

79.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## COUNT TWO:  NEGLIGENT FAILURE TO PREVENT SEXUAL HARASSMENT

80.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

81.

Defendant OSP had a duty to Ms. Beaty to prevent sexual harassment in the workplace.

82.

By virtue of the aforementioned conduct by Defendant Mabry, and the failure of Defendant OSP to prevent sexual harassment, Defendant OSP failed to use ordinary care to prevent sexual harassment in the workplace, causing Plaintiff to be sexually harassed.

83.

The conduct of Defendant OSP was consciously or recklessly indifferent to the inevitable or probable consequences of its conduct in failing to remedy the harassment.

84.

Defendant OSPis thus liable to Plaintiff for damages to her peace, happiness and feelings sustained as a result.

## COUNT THREE:  NEGLIGENT AND WRONGFUL HIRING, RETENTION, AND SUPERVISION

85.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

86.

Defendant OSP knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees, including Defendant Mabry, to engage in sexually offensive conduct toward other employees, and Ms. Beaty in particular.

87.

Defendant Mabry's actions were not wholly unrelated to his employment.

88.

Defendant OSP nevertheless failed and refused to act to protect Ms. Beaty from sexual harassment.

89.

Defendant OSP is thus liable to Ms. Beaty for all of the damages sustained as a result.

## COUNT FOUR:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

91.

Defendants' conduct was extreme and outrageous.

92.

Defendants allowed Plaintiff to be subjected to sexual harassment, battery, and assault by Defendant Mabry and failed to take any corrective action.

93.

Defendants intended to inflict severe emotional distress or knew that it was a high probability that the conduct would do so.

94.

Defendants' conduct actually caused severe emotional distress to Plaintiff.

95.

Defendants are liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

## COUNT FIVE:  INVASION OF PRIVACY

96.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

97.

The actions of Defendants give rise to the common law claim of Invasion of Privacy.

98.

Defendant Mabry unjustifiably intruded upon Plaintiff's right to privacy by unreasonably interfering with her seclusion.

99.

Defendant OSP ratified Defendant Mabry's actions.

100.

Defendant OSP is responsible for Defendant Mabry's invasion of privacy because it negligently supervised or retained Defendant Mabry.

101.

As a direct and proximate cause of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, and/or shame and embarrassment.  Plaintiff's damages have been experienced in the past, and they will continue in the future.

**COUNT SIX:  PUNITIVE DAMAGES, O.C.G.A. § 51-12-5.1**

102.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

103.

The foregoing acts of Defendants were intentional and humiliating, and evidence a conscious disregard for the circumstances and rights of others, and a

specific intent to cause harm.  Ms. Beaty is entitled to recover from Defendants, in addition to compensatory damages, an award of punitive damages under the law of Georgia to punish Defendants, or to deter from repeating such wrongful acts.

## COUNT SEVEN:  ATTORNEYS' FEES AND EXPENSES OF LITIGATION, O.C.G.A. § 13-6-11

104.

Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

105.

Defendants acted in bad faith, been stubbornly litigious, and/or caused Ms. Beaty unnecessary trouble and expense in litigating this case, and Ms. Beaty is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)     Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)     Enter judgment against Defendant and award Plaintiff an unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and

reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)     Grant declaratory judgment declaring that the rights of Plaintiff have been violated and that Defendant willfully violated the FLSA;

(D)     General damages for mental and emotional suffering caused by Defendants' misconduct;

(E)     Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(G)     Reasonable attorney's fees and expenses of litigation;

(H)     Declaratory relief to the effect that Defendant OSP has violated Plaintiff's statutory rights;

(I)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant OSP, from further unlawful conduct of the type described herein; and

(J)     All other relief to which he may be entitled.

Respectfully submitted this 30th day of August, 2017.

**BARRETT & FARAHANY**

/s/ Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135

*Attorney for Plaintiff Kenessia Beaty*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
amanda@justiceatwork.com